GEORGE KEYSER, appellant,

*v.*

CHARITY BURD et al., respondents.

The appellant, a general creditor of A, who held collateral security for his ,claim, took A's endorsed promissory note for the amount of a decree and two judgments against A, which he paid and had assigned to himself. He afterwards recovered a judgment on the note, on which he realized, from A's lands, all his advances on account of the decree and judgments except $450. Meanwhile one of the endorsers on A's note died, and in 1878 his lands were -sold to the respondent by his administrator under an order of the orphans -court, and she took possession. In 1885 the administrator tendered the appel·lant the $450, which he refused, and then issued an execution against the lands

thus bought by respondent.—*Held*, that she could enjoin him from selling her lands, because appellant could not include A's·other indebtedness to him in his judgment on the note.

On appeal from a decree advised by Vice-Chancellor Bird, who filed the following conclusions:

In 1872, Henry E. Burd was indebted to several; James Lomerson had claims against him for over $3,000, which had been secured by bond and mortgage and perfected by final decree; A. W. Creveling had a judgment for over $250; and Mrs. Asa Kinnaman had a judgment for over $200. George Keyser, the defendant, insists that, at the same time, he held a claim of over $1,700. The lands of said Henry E. Burd were advertised for sale by virtue of the executions issued upon said decree and judgments, when he applied to George Keyser, the defendant, for help in the premises, which George Keyser undertook to render. There was a meeting of George Keyser, Henry E. Burd, his brother, Adam W. Burd and John D. Snyder, since deceased. It is agreed that George Keyser was not willing to aid Henry E. Burd unless he could have collateral security for at least a portion of the amount which he should either pay or become liable for. The dispute is whether that collateral security was for so much in addition to all other security, or whether it. was collateral only to the claims of James Lomerson, A. W. Creveling, and Asa Kinnaman. George Keyser insists on the former, and the complainant on the latter.

The complainant insists that George Keyser agreed to become responsible for the above-named claims, providing Henry E. Burd would give him collateral security for the costs and interest due on said decree up to April 1st, 1872, and $250 of the amount of the A. W. Creveling judgment, and $200 of the amount of the Asa Kinnaman judgment. The complainant says that this was the understanding of the parties interested. These claims, *i. e.*, the interest to April 1st, 1872, on said decree and both of said judgments, amounted to $1,421.62. For this sum the said debtor, Henry E. Burd, Adam W. Burd and John D. Snyder gave their promissory note to George Keyser, and at the same

time George Keyser gave James Lomerson his note for the whole amount of principal, interest and costs due on said decree, and accepted an assignment of said decrees from James Lomerson.

In 1874, and before these claims had all been paid by Henry E. Burd, said George Keyser recovered judgment on said note given by Henry E. Burd, Adam W. Burd and John D. Snyder. After this judgment, the said John D. Snyder died. The said James Lomerson became his administrator. On application, the orphans court made an order for him to sell lands for the payment of debts. All the lands of the decedent were advertised and sold. The complainant, on being assured by James Lomerson that she would buy a clear title, purchased. Others also purchased. George Keyser neither presented any claim to James Lomerson as such administrator, nor did he in any way warn purchasers that he relied upon the said lands to satisfy his judgment. In 1878 James Lomerson, as such administrator, executed and delivered deeds to the purchasers for the lands sold, and the purchasers took possession.

On the 29th of April, 1885, George Keyser had realized from the thus encumbered lands of the principal debtor, Henry E. Burd, sums equal to the whole amount of said judgment, less the sum of $450. This sum James Lomerson tendered to George Keyser, with the impression that George Keyser had no first claim for any larger sum against the estate of John D. Snyder, or his lands. George Keyser declined the tender and issued execution upon his judgment and advertised said lands, so conveyed to complainant and others, for sale. He claims the whole amount of said judgment. The complainant asks for injunction to restrain George Keyser from proceeding and to compel him to cancel his judgment as to John D. Snyder's estate on payment of said $450.

There is no doubt about the amount of cash George Keyser has received. The question is whether it should be applied to this judgment or not, and the judgment ordered to be canceled upon the payment of the said $450. George Keyser, as above stated, maintains that he has a right to apply these moneys to other claims which he holds against Henry E. Burd, as the note

upon which he took judgment against Henry E. Burd, Adam W. Burd and John D. Snyder was general, and not confined to any certain claims.

Let us trace the main features of the case. The makers of said note, so far as appears (according to the weight of testimony), understood that the security was collateral to the lien already had by virtue of the decree and the two judgments. The decree and judgments bound the lands of Henry E. Burd. In addition to this, Henry E. Burd gave said note, with sureties for the interest and costs on the decree, and for the amount of the judgments, as stated. All the money realized by said George Keyser was out of these lands on which he had these liens by the decree and judgments against Henry E. Burd. It nowhere appears that he ever appropriated any of said moneys to the satisfaction of his other claims against Henry E. Burd, which had he, I think would not be equitable for him to do in such case. But he did take a large amount of other securities from Henry E. Burd for the other claims he held against him, which he still holds, or at least on which he has not realized. In other words, he has never accounted for these securities, as other creditors have a right to insist that he shall. These undisputed facts of themselves strongly incline the mind to the complainant's view of the case.

And I think the defendant, George Keyser, fastens himself to this same view in his explanation of what passed at the time the note was given. I give his own words, when asked to tell about the taking of this note as collateral security: " Well, there was Mrs. Kinnaman's judgment and Mr. Creveling's, and some $900 of Mr. Lomerson's, for interest and costs, and another account he had against Mr. Burd, and I told them that if they gave me collateral security to the amount of them, their claims, then I would pay them the whole debt, and I done so; not for the amount, but to the amount; that was the word."

This effort to shift responsibility is entirely unavailing. Considering the subject matter, I am unable to make any distinction, even in a technical sense, between the words " to " and " for." The interview was with reference to the liens of Lomerson,

Dringer *v.* Jewett.

Creveling and Kinnaman. And, beyond refutation, a certain amount of these, in dollars and cents, was to be further secured. It seems to me quite idle to say that such security did not, and could not, apply to those claims, but was only applicable to other claims of George Keyser, because he said, at the negotiations, " If they gave me collateral security *to* the amount," and not *for* the amount.

I will advise a decree according to the prayer of the bill, with costs.

*Mr. Henry S. Harris,* for appellant.

*Mr. Daniel Vliet* and *Messrs. Shipman & Son,* for respondents.

PER CURIAM.

This decree unanimously affirmed for the reasons given by the vice-chancellor.